**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VINCENT WILKERSON, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 12-2190 |
| | : | |
| BRIAN COLEMAN, et al., | : | |
| Respondents. | : | |
| | : | |

---

Diamond, J.                                                      February 4, 2015

**MEMORANDUM**

     The Magistrate Judge has recommended that I grant this *pro se* Petition for habeas relief. (Doc. Nos. 33, 43); 28 U.S.C. § 2254.  I will overrule the Objections filed by the Commonwealth of Pennsylvania and grant the Petition.

**I.        STANDARD OF REVIEW**

     I must review *de novo* those portions of the Report to which timely, specific objections have been filed.  28 U.S.C. § 636(b)(1)(C).  I may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations.  Id.  As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."   Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

**II.       BACKGROUND**

     The Commonwealth charged that on October 5, 1997, Petitioner Vincent Wilkerson punched Nasir Hill, rendering him unconscious, and then pistol-whipped him and shot him in the chest.  Commonwealth v. Wilkerson, No. 117 EDA 1999, slip op. at 3 (Pa. Super. Ct. Dec. 22, 2000) ("Wilkerson I").  The Commonwealth also alleged that Petitioner stole Mr. Hill's jewelry.

Id. Hill survived, and on October 8, 1998, a state court jury convicted Petitioner of attempted murder, aggravated assault, and possession of the instrument of a crime. 18 Pa. Cons. Stat. §§ 2502, 2702, 907; (Resp. Ex. B, Doc. No. 23 at 2-3). The jury acquitted him of robbery. 18 Pa. Cons. Stat. § 3701; (Resp. Ex. B, No. 23 at 2-3). The trial court sentenced Petitioner to life imprisonment for attempted murder, based on Pennsylvania's "three strikes" law. (Id. at 3); see 42 Pa. Cons. Stat. § 9174. The court imposed no sentence on the other charges. (N.T. 12/10/98 at 37, 43.) On direct appeal, the Pennsylvania Superior Court upheld the convictions, but vacated the sentence and remanded, ruling that the three strikes law had been improperly applied. Wilkerson I at 17-18. The trial court then sentenced Petitioner to consecutive prison terms of 20 to 40 years for attempted murder, 10 to 20 years for aggravated assault, and 2½ to 5 years for the weapons offense—an aggregate sentence of 32½ to 65 years. (Resp. Ex. A, Doc. No. 23 at 36.)

Petitioner again appealed, contending that his attempted murder and aggravated assault sentences should have merged at sentencing. (Resp. Ex. E, Doc. No. 23 at 8.) The Superior Court disagreed, citing evidence that Petitioner beat Hill and then shot him. Commonwealth v. Wilkerson, No. 1521 EDA 2002, at 9 (Pa. Super. Ct. Sept. 10, 2003) ("Wilkerson II").

In March 2004, Wilkerson filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act, contending, *inter alia*, that: (1) his trial counsel was ineffective for failing to call an alibi witness and refusing to call Hill to testify that he did not recognize Petitioner as his assailant; and (2) the court could not re-sentence him to separate terms for aggravated assault and the weapons offense when it did not do so in its original sentence. (Resp. Ex. G, Doc. No. 23 at 23, 25); 42 Pa. Cons. Stat. § 9541, et seq. The PCRA Court appointed counsel, who subsequently withdrew after filing a "no merit" letter. (Resp. Ex. H, Doc. No. 23); see Commonwealth v. Finley, 550 A.2d 13 (Pa. Super. Ct. 1988). The PCRA Court then dismissed

2

the petition as meritless.  (Resp. Ex. I, Doc. No. 23 at 19.)  The Superior Court ruled that the "no merit" letter contravened controlling authority, however, and vacated the PCRA dismissal. Commonwealth v. Wilkerson, No. 3120 EDA 2004, at 5-7 (Pa. Super. Ct. May 18, 2006) ("Wilkerson III").  On remand, new counsel filed an amended petition, which the PCRA Court dismissed as meritless on July 12, 2010.  (Resp. Ex. L, Doc. No. 23 at 10.)  The Superior Court affirmed.  Commonwealth v. Wilkerson, No. 2139 EDA 2010, at 8 (Pa. Super. Ct. Nov. 15, 2011) ("Wilkerson IV").

On April 12, 2012, Wilkerson submitted the instant *pro se* Habeas Petition, alleging that: (1) trial counsel was ineffective for failing to introduce evidence that Hill could not identify Petitioner; (2) his convictions for attempted murder and aggravated assault should have merged at sentencing; and (3) trial counsel was ineffective for failing to call several exculpatory witnesses.  (Doc. No. 1 at 10, 13, 17); 28 U.S.C. § 2254.  The Commonwealth filed a response, and Petitioner replied.  (Doc. Nos. 23, 28.)  Petitioner then submitted an "amended petition," raising several new challenges to his sentence.  (Doc. No. 31.) The Commonwealth filed a response.  (Doc. No. 31.)  Petitioner then filed a Motion to Amend, asking "the District Court to consider the United States Supreme Court decision in Alleyne v. [United States,] 133 S. Ct. 2151 (2013)."  (Doc. No. 32.)

Judge Strawbridge filed his Report and Recommendation on July 24, 2014, concluding that: 1) Petitioner was not entitled to habeas relief on his ineffective assistance claim related to failure to call the victim; 2) Petitioner's ineffectiveness claim related to the failure to call other witnesses was not procedurally defaulted but was meritless; 3) Petitioner was entitled to habeas relief on Fifth Amendment Double Jeopardy grounds; and 4) Petitioner was not entitled to habeas relief on any of his other sentencing claims.  (Doc. No. 33.)  Petitioner filed a notice of no

objection on September 22. (Doc. No. 40.) The Commonwealth filed Objections on October 2. (Doc. No. 43.) On December 9, I denied Petitioner's Motion to Amend as moot, because Judge Strawbridge had recommended denying the Motion and neither Party objected. (Doc. No. 47.)

## III.    OBJECTIONS

The Commonwealth objects to Judge Strawbridge's rulings that: (1) the Petition should be granted as to Petitioner's Double Jeopardy claim; and (2) Petitioner's ineffective assistance of counsel claim was not procedurally defaulted.

### A.    *Double Jeopardy*

The Commonwealth objects to the determination that Petitioner's aggravated assault and attempted murder convictions merged at sentencing. It contends that Petitioner failed to raise this issue in state court, and that Judge Strawbridge did not sufficiently defer to the state courts. I do not agree.

*Exhaustion*

The exhaustion requirement is intended to give the state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)) (internal quotation marks omitted). The Third Circuit has recently explained:

> In looking at what claims were presented to state courts for the purposes of determining the applicable standard of review, we ask whether a court was given the *opportunity* to address a specific claim, regardless of whether the court actually addressed that claim.

Collins v. Sec. of Pa. Dept. of Corr., 742 F.3d 528, 544 n.10 (3d Cir. 2014) (emphasis in original). A petitioner may thus fairly present a claim through:

> (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of

4

> the claim in terms so particular as to call to mind a specific right protected
> by the Constitution; and (d) allegation of a pattern of facts that is well
> within the mainstream of constitutional litigation.

Nara v. Frank, 488 F.3d 187, 197-98 (3d Cir. 2007) (internal citation omitted).

The Commonwealth's arguments are not entirely clear.  It first suggests that the federal Double Jeopardy issue was not fairly presented because Petitioner, at PCRA, raised only a "*state law* claim that [his] sentences should have merged."  (Objections at 16 (emphasis in original).)  This is a distinction without a difference.   Petitioner based his merger argument on Commonwealth v. Anderson.  650 A.2d 20, 23 (Pa. 1994). The Pennsylvania Supreme Court there held that a merger inquiry under state law is "identical" to a Fifth Amendment Double Jeopardy analysis, relying on Blockburger v. United States.   Anderson, 650 A.2d at 23; Blockburger v. United States, 284 U.S. 299 (1932).  The state court thus had the "opportunity to pass upon and correct" alleged violations of Petitioner's federal Double Jeopardy rights. Moreover, the Anderson Court addressed the question of whether the crimes at issue here— aggravated assault and attempted murder—merge at sentencing.  See Anderson, 650 A.2d at 23. In these circumstances, Petitioner fairly presented his federal Double Jeopardy claim in state court.

The Commonwealth also apparently suggests that Petitioner "did not present a double jeopardy claim" at PCRA, "only a merger claim."  (Objections at 13.)  This is, once again, a distinction without a difference.  Indeed, the Superior Court explicitly addressed merger and Double Jeopardy:

> [I]ssues concerning multiple punishments generally arise from a single act
> that results in a violation of two penal provisions, with *the applicable
> double jeopardy analysis* focusing on a comparison of the elements of
> each offense . . . .

Wilkerson-II at 6-7 (quoting Commonwealth v. Andrews, 768 A.2d 309, 329 (Pa. 2001))
(emphasis added).   In these circumstances, it is apparent that Petitioner presented—and so
exhausted—his Double Jeopardy claim.

*Merits*

The Commonwealth does not dispute that aggravated assault is a lesser included offense
of attempted murder.  See Anderson, 650 A.2d at 24 ("It is clear that the offense of aggravated
assault is necessarily included within the offense of attempted murder . . . .").   Nor does the
Commonwealth dispute that Double Jeopardy protection requires principal and lesser included
offenses to merge at sentencing.  See Jones v. Thomas, 491 U.S. 376, 380-81 (1989) (Double
Jeopardy bars the imposition of multiple sentences for the same conduct).   Rather, the
Commonwealth objects to Judge Strawbridge's conclusion that it was reasonably likely that the
jury impermissibly convicted Petitioner of aggravated assault and attempted murder based on the
same act: Petitioner's shooting of Hill.  See United States v. Finley, 726 F.3d 483, 495 (3d Cir.
2012) (no Double Jeopardy violation where defendant was punished for separate acts).

The record shows that Judge Strawbridge is correct.   Petitioner's jury heard evidence
that, in addition to shooting the victim, Petitioner punched and beat him with a gun.   See
Wilkerson II at 7.  Although the trial judge told the jury that to convict Petitioner of attempted
murder, it had to find that Petitioner shot Hill, she never instructed the jury that it could not base
both attempted murder and aggravated assault convictions on the shooting alone.  (N.T. 10/7/98
at 212-13; 10/8/98 at 8-11.)   Nor did the court instruct the jury that it needed to find that
Petitioner had in fact punched or hit the victim to convict Petitioner of aggravated assault.  (Id.)
Rather, the trial judge read the following instruction:

> In order to find the defendant guilty of attempted murder, you must be
> satisfied that the following three elements have been proven beyond a

reasonable doubt: First, that the defendant did a certain act.  *In this case that act is alleged to be a shooting, shooting of the victim.*  Second, that the defendant did the act with intent to commit the crime of murder.  And, third, that the act constituted a substantial step toward the commission of that crime.  . . .

The defendant has also been charged with aggravated assault.  In order to find the defendant guilty of aggravated assault, you must find that each of the elements of the crime has been established beyond a reasonable doubt.  There are three elements: One, that the defendant caused or attempted to cause serious bodily injury to, in this case, the victim is Nasir Hill.

Two, that the defendant acted intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

A person acts intentionally with respect to serious bodily injury when it is his conscious object or purpose to cause such injury.

A person acts knowingly with respect to serious bodily injury when he is aware that it is practically certain that his conduct will cause such a result.

A person acts recklessly with respect to serious bodily injury when he consciously disregards a substantial and unjustifiable risk that serious bodily injury will result from his conduct.  The risk must be of such a nature and degree that considering the nature and extent of the defendant's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the defendant's situation.

If, after considering all of the evidence, you find that the Commonwealth has established each of these elements beyond a reasonable doubt, then you should find the defendant guilty of aggravated assault.  Otherwise, you must find the defendant not guilty of aggravated assault.

(N.T. 10/7/98 at 211-13 (emphasis added).)

The Commonwealth's Objection—that Petitioner never took issue with the jury's instructions—is beside the point.  Judge Strawbridge did not decide that the trial court's instructions were erroneous.  Rather, he ruled that in light of the Commonwealth's evidence and the trial court's instructions, it was reasonably likely that the jury impermissibly based its guilty

7

verdicts as to both attempted murder and aggravated assault on the same act—Petitioner's shooting of Hill. Indeed, other than mentioning Petitioner's flight after the shooting, the only evidence the trial court mentioned in its instructions was "a shooting, shooting of the victim." (N.T. 10/7/98 at 206-20.)

In rejecting Petitioner's merger claim, the Wilkerson II Court ruled that "sufficient evidence of record exists to demonstrate that [Petitioner's] convictions did not arise from the same facts." Slip op. at 9. Judge Strawbridge thus reasoned that this evidentiary sufficiency ruling was subject to review under § 2254(e), which applies to "a determination of a factual issue made by a State court." The Commonwealth objects, arguing that the ruling should have been reviewed under § 2254(d), which applies to "any claim that was adjudicated on the merits in State court." I agree that the Wilkerson II Court's merger ruling was not the "determination of a factual issue"—thus making § 2254(e) inapplicable. Rather, the Superior Court ruled that Petitioner's merger claim was meritless because the Commonwealth had introduced sufficient evidence to sustain Petitioner's convictions for both attempted murder and aggravated assault. Accordingly, I am obligated to review that ruling under § 2254(d).

The Wilkerson II Court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d). The Supreme Court has held that in evaluating jury instructions on § 2254 review, the federal courts must examine "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Boyde v. California, 494 U.S. 370, 380 (1990)) (internal quotation marks omitted). In making this determination, the court must examine the instruction in context, not in isolation. Estelle, 502 U.S. at 72 (analyzing

the entire trial record, rather than an instruction alone, to determine whether the jury had applied the instruction in an unconstitutional manner).

Here, there is a reasonable likelihood that the jury unconstitutionally applied the attempted murder and aggravated assault instruction.  Although the trial judge instructed the jury that the shooting formed the basis of the attempted murder charge, she did not specify what acts could form the basis of the aggravated assault charge or that the jury had to find that Petitioner punched or beat Hill to convict him of that charge.  (See N.T. 10/7/98 at 211, 212-213.)  At the jury's request, the judge read the aggravated assault instruction a second time.  During both readings, the judge never told the jury that convictions for both attempted murder and aggravated assault could not be based on the same conduct, nor did she ever mention evidence that Petitioner beat and hit his victim.  (See N.T. 10/8/98 at 8-11.)  As Judge Strawbridge discussed, the closings of the prosecutor and defense counsel included nothing that might have mitigated these omissions.  Nor did the verdict sheet allow the jury to indicate the evidence on which it based the convictions.  In the absence of any instruction or argument that both convictions could not be based on the shooting alone—the only evidence mentioned by the trial court—I agree with Judge Strawbridge's conclusion that "the jury instruction as to aggravated assault would otherwise certainly appear to apply to the act of shooting."  (Doc. No. 33 at 40.)

The Commonwealth suggests that because "the record reflects no fewer than *three* assaults," Petitioner necessarily was not punished twice for the same conduct.  (Objections at 24 (emphasis in original).)  The Commonwealth thus seeks to cure the Wilkerson II Court's error by repeating it.  Petitioner did not and does not raise a claim of evidentiary sufficiency.

Having considered all the evidence and the record, I conclude the Wilkerson II Court unreasonably applied federal law when it rejected Petitioner's merger claim on evidentiary

9

sufficiency grounds.  Rather, there is a "reasonable likelihood" that the jury applied the trial

court's attempted murder and aggravated assault instructions in an impermissible manner, and

thus convicted Petitioner of two crimes for a single act.

In making its "silent record" argument the Commonwealth similarly ignores the record.

See Harris v. Rivera, 454 U.S. 339, 347 n.17 (1981) ("A silent record is not a sufficient basis for

concluding that the state judge has committed constitutional error . . . .").  As I have discussed, in

defining attempted murder and aggravated assault, the trial court discussed only Petitioner

shooting Hill.  Its failure to instruct the jury that it could not convict of both crimes for that same

act is not "silence."  Rather, as the Supreme Court made clear in Mills v. Maryland, it is error:

> [T]he jury's verdict must be set aside if it could be supported on one
> ground but not on another, and the reviewing court was uncertain which of
> the two grounds was relied upon by the jury in reaching the verdict.

Mills v. Maryland, 486 U.S. 367, 376 (1988).

The Commonwealth also relies on Gillespie v. Ryan, where the Third Circuit explained

that analyzing "multiple punishments" under the Double Jeopardy clause is tantamount to

construing state substantive law.  837 F.3d 628, 632 (3d Cir. 1988) (citations omitted), cert.

denied, 488 U.S. 833 (1988).  The Third Circuit thus cautioned that "[a]bsent extraordinary

circumstances, the state courts will have the final word on the substantive criminal law."

Gillespie, 837 F.3d at 632.  The Commonwealth contends that in upholding Petitioner's Double

Jeopardy claim, Judge Strawbridge impermissibly construed Pennsylvania law in the absence of

"extraordinary circumstances."  Again, I do not agree.  Judge Strawbridge accepted the state

courts' construction of state law.  As I have discussed, the state courts and Commonwealth agree

that under the Pennsylvania Crimes Code, aggravated assault is a lesser included offense of

attempted murder.  Judge Strawbridge simply included that construction in his federal Double

10

Jeopardy analysis.  It is undisputed that the jury was never informed that the single act of shooting Hill could not form the basis of Petitioner's convictions for attempted murder and aggravated assault.  Moreover, when it defined both crimes, the trial court discussed only the shooting.  In these circumstances, Judge Strawbridge did not need to find "extraordinary circumstances" to recommend relief.

Accordingly, I will overrule the Commonwealth's Objection.

B.      *Procedural Default of Ineffectiveness Claim*

Judge Strawbridge ruled in the Commonwealth's favor as to Petitioner's ineffective assistance of counsel claims—denying them on the merits.  The Commonwealth nonetheless argues that Petitioner's claim that his trial counsel should have called several exculpatory witnesses was procedurally defaulted.  The Commonwealth has characterized this argument as a "response" to Petitioner's objections.  Because Petitioner filed a notice that he has no objections, however, there is nothing to which the Commonwealth can "respond."  Accordingly, to the extent that the Commonwealth objects, I overrule the Objection as moot.

**IV.**     **CONCLUSION**

For these reasons, I will overrule the Commonwealth's Objections.  Having reviewed the record, I will also accept the portions of the Report and Recommendation to which neither Party has objected.     Accordingly, I accept and adopt Judge Strawbridge's Report and Recommendation.

Because it is reasonably likely that Petitioner's aggravated assault conviction was impermissibly based on the same single act that formed the basis of his attempted murder conviction, he must be retried or resentenced for aggravated assault.

An appropriate Order follows.


*/s/ Paul S. Diamond*

February 4, 2015                                                  _____

Paul S. Diamond, J.